In the Matter of the Claim of ROSE LEVINE, Respondent, against HYMAN ROSEN et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 18, 1960.

*Samuel Schub* (*Milton Pfeffer* and *Allen Redlich* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*William Doblin* for claimant-respondent.

HERLIHY, J. The facts may be summarized by setting forth that on May 3, 1953, decedent was alleged to have suffered an industrial accident in the nature of a heart attack. He filed a claim for disability which the appellants controverted as to accident, notice and causal relation. He died on March 20, 1954 and thereafter on December 3 a claim for death benefits was filed which likewise was contested on the same grounds as the disability claim. The two claims — disability and death — were consolidated and thereafter tried together, resulting in a decision on February 9, 1956 by the Referee disallowing both claims.

On June 8, 1956, the board, after review, reversed the original findings, established relationship as to the disability claim and restored that case to the Referee's calendar for determining rate and appropriate award from May 3, 1953 — date of accident — to March 20, 1954, date of death. In the death case the decision was reversed and referred to an impartial specialist as to causal relationship, if any, between the disability and subsequent death. The decision stated: "Both cases are to be kept together." Thereafter on October 24, 1956, an award was made in the disability case and — for the second time — the Referee disallowed the death claim. The board affirmed on January 23, 1957 the disability award and designated the case "closed" and — for the second time — reversed the Referee in the death claim and remitted it for a proper award.

On April 12, 1957 an award was made in the *death* claim and five days thereafter (April 17) the carrier served a notice of appeal from the April 12 decision, which was thereafter returned by the board with a statement that no appeal is allowed from the Referee's decision. The carrier then filed an application for review and reopening which the board — on June 18, 1957 — denied. This decision was in reality an affirmance of the Referee's action in awarding death benefits.

Subsequently and on July 1, 1957 a notice of appeal was filed from the award for disability and death benefits. Eventually a motion to dismiss the appeal as to disability benefits was made and granted by this court on the grounds that the appeal was not timely taken. (See 5 A D 2d 748.) As to the attempted appeal from the disability case, the appellants have no standing in this court, the matter having been heretofore adjudicated.

The death benefit award and the right to appeal therefrom present a different question. The appellants, within 30 days of the filing of the Referee's decision and award, applied to the board for reconsideration of the said death benefit award — twice denied by the Referee — and within 20 days after the denial by the board of the application for reconsideration, filed a

notice of appeal which was within the time schedule and requirements of section 23 of the Workmen's Compensation Law. Until the making of the award by the Referee and denial of reconsideration by the board, there was no decided issue from which to appeal. Time to appeal commences when the matter becomes *final*. In some claims this would be a decision or a decision and award by the board, or if a decision and/or award by the Referee, the denial thereafter by the board of an application for modification, reconsideration, review or other final action. When the board for the second time reversed the Referee (Jan. 23, 1957) it was within its power and province to fix the amount of the death benefits from which the carrier could have appealed. The fact that the board elected to do otherwise should not be detrimental to the rights of the appellants. The application for reconsideration of the death benefit award made by the Referee and the denial by the board was final and from that date — June 18, 1957 — the 20-day period in which to appeal commenced. Section 23 of the Workmen's Compensation Law provides in part that the award or decision of the board — not the Referee — shall be final and conclusive.

The appeal in the death case was timely filed and accordingly the issue before us is limited to whether causal relation was established in the death claim.

Medically, the claimant's proof was that decedent had a pre-existing heart condition — rheumatic heart — that on the date of the accident he " suffered significant myocardial damage and very likely had suffered a myocardial infarction " and that he was totally disabled from that date until his death. The carrier's medical testimony tended to establish that as a result of this prior heart condition on the day in question he developed auricular fibrillation which was in no way associated with his work and that he later developed multiple embolic phenomena, that one of these emboli — blood clots — lodged in the brain causing death which was in no way attributable to the alleged accident on May 3.

Confronted with this conflicting medical testimony, the board referred the case to an impartial specialist. His testimony summarized that the decedent, 64 years of age, had worked regularly all of his adult life although suffering from rheumatic heart disease. He found no evidence of coronary occlusion or infarction. It was his opinion — he used date of April 30 instead of May 3 — that the events which occurred during his employment produced arrhythmia — irregular heart action causing absence of rhythm — that once started, formation of clots is a common event; that these clots eventually loosened, lodging in various

parts of the anatomy, death here being caused by the clot which lodged in the cerebral artery. This sequence of events induced the doctor to conclude death was due to the tension under which decedent worked on the date of the accident. He also said that death was indirectly attributed to the onset of the auricular fibrillation.

The board had the option of electing which medical facts to accept and in disagreement with the Referee found for the claimant as to death benefits. From the testimony we determine there was substantial evidence to support the board's finding of fact. That it might have agreed with the finding of the Referee is not the test. Such determinations are factual and therefore not reviewable. (See *Matter of Palmero* v. *Gallucci & Sons,* 6 A D 2d 911, affd. 5 N Y 2d 529; *Matter of Micallef* v. *Krischer-Blanner Realty Co.,* 10 A D 2d 743.)

Although we find the time to appeal in the death case was timely taken, having also decided there was causal relation as to the death case, the decision of the board should be affirmed.

BERGAN, P. J., COON, GIBSON and REYNOLDS, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.